UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NUMBER: ) |
| NATIONAL HEALTHCARE CORPORATION d/b/a NATIONAL HEALTHCARE CENTER OF FORT OGLETHORPE, LP | ) ) ) ) ) ) ) ) |
| Defendant. | ) JURY TRIAL DEMANDED ) |

## COMPLAINT

This is an action under Title I of the Americans with Disabilities Act, as amended ("ADA") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of a disability and to provide appropriate relief to Elisa K. Stamey ("Charging Party"), who was adversely affected by such practices. The Equal Employment Opportunity Commission ("Commission") alleges that National HealthCare Corporation d/b/a National HealthCare Center of Fort Oglethorpe LP ("Defendant") terminated Charging Party from her employment because of her disability, in violation of the ADA, as amended.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3); and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981(a).

2.  The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Rome Division.

## PARTIES

3.  Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) and Section 503(c) of the ADA, 42 U.S.C. § 12117(a) and § 12203(c), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant National HealthCare Corporation has continuously been a corporation doing business in the State of Georgia, and the City of Fort Oglethorpe, and has continuously had at least 15 employees.

5. At all relevant times, Defendant National HealthCare Corporation has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporate by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6. At all relevant times, Defendant National HealthCare Corporation has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than 30 days prior to the institution of this lawsuit, Charging Party filed a charge of discrimination with the Commission alleging violations of the ADA. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. Since at least December 2009, Defendant has engaged in unlawful employment practices in violation of Section 102 of the ADA, 42 U.S.C. § 12112(a) and (b), by terminating Charging Party because of her disability.

9. Charging Party has Multiple Sclerosis and Bursitis, physical

impairments which substantially limit her in major bodily functions pertaining to neurological and skeletal functions.

10. On November 16, 2009, Charging Party applied for employment with Defendant to become a Registered Nurse Shift Supervisor.

11. Sometime between November 16, 2009, and December 22, 2009, when Respondent terminated Charging Party, Respondent extended an offer of employment to Charging Party, which she accepted.

12. On December 21, 2009, as part of Defendant's post-offer employment process, Charging Party completed a "Report of Medical History." In this Medical Report, Charging Party identified her medical conditions, to include her disabilities.

13. Shortly after Defendant learned of Charging Party's medical history, via the Medical Report, it terminated Charging Party.

14. Charging Party was qualified and had every intention of performing the duties required for the position and did not request an accommodation.

15. In terminating the Charging Party, Defendant never allowed Charging Party the opportunity to prove that she was capable of performing those duties.

16. Defendant refused to allow Charging Party to obtain a medical clearance before terminating her employment. Instead, Defendant relied on

Charging Party's Medical Report and terminated her employment on December 22, 2009.

17. Defendant terminated Charging Party because of her actual disability, because of her record of disability and/or because it regarded her as disabled within the meaning of the ADA, as amended.

18. The effects of the practices complained of in Paragraphs 8-17 have been to deprive Charging Party of equal employment opportunities and, otherwise, adversely affect her status as an employee because of her disability.

19. The unlawful employment practices complained of in Paragraphs 8-17 were intentional and were carried out with malice and/or reckless indifference to the federally protected rights of Charging Party.

20. The effects of the practices complained of in paragraphs 8-17 have been to inflict emotional pain, suffering, and inconvenience upon Charging Party and deprive her of the financial and other benefits of working for Defendant.

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from

engaging in disability discrimination against employees, and engaging in any other employment practices that discriminate on the basis of disability.

B.   Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for all employees and that eradicate the effects of its past and present unlawful employment practices.

C.   Order Defendant to make whole Charging Party, who was adversely affected by Defendant's discriminatory conduct, by providing appropriate back pay, lost benefits and prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay.

D.   Order Defendant to make whole Charging Party by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including job search expenses and medical expenses, in amounts to be determined at trial.

E.   Order Defendant to make whole Charging Party by providing compensation for non-pecuniary losses resulting from the unlawful employment practices described above, including inconvenience, emotional pain and suffering, anxiety, stress, depression, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.   Order Defendant to pay Charging Party punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G.   Grant such further relief as the Court deems necessary and proper.

H.   Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REEMS
Associate General Counsel

8/17/11
Date

s/ Robert K. Dawkins
ROBERT K. DAWKINS
Regional Attorney
Georgia Bar No. 076206

OTTRELL FERRELL EDWARDS
Supervisory Trial Attorney
Georgia Bar No. 141979

7

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Atlanta District Office
100 Alabama Street, SW, Suite 4R30
Atlanta, Georgia 30303
Telephone:  (404) 562-6818
Facsimile:   (404) 562-6905